THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MILTON LATTIMORE,

      Plaintiff,

v.

ANTHONY WILLS, LIEUTENANT
WEHRENBERG, and LIEUTENANT S.
EBERS,

      Defendants.

Case No. 3:25-cv-02096-GCS

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

      Plaintiff Milton Lattimore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Lattimore alleges that Defendants used excessive force against him in violation of the Eighth Amendment.

      Since the filing of his original Complaint, Lattimore has filed two motions for leave to file an amended pleading. (Doc. 11, 14). Lattimore failed to file a proposed amended pleading. Instead, he merely sought to add additional information, including information regarding his mental health and his attempts at exhausting his claims. Because the Court

---

[1] Lattimore initially filed his Complaint on behalf of himself and his cellmate, Angelo Bennett. (Doc. 1). Bennett was directed to inform the Court whether he wished to continue with the proposed group litigation, but he failed to respond. (Doc. 9, 16). Bennett's claims were ultimately dismissed without prejudice. (Doc. 16).

does not accept piecemeal amendments to the Complaint, his requests to amend are **DENIED**.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests monetary damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

On November 7, 2024, tactical team members at Menard conducted a shakedown of the West Cellhouse, including Lattimore's cell. (Doc. 1, p. 2). Lattimore alleges that he shared a cell with Angelo Bennett and during the shakedown, multiple officers entered his cell while they slept. *Id*. The officers yelled at them to get up, and Lattimore stood up. *Id*. At first, he did not understand what was going on. The officers told him to approach and cuff-up. Lattimore asked if he could obtain his front-cuff permit because he could not put his arms behind his back. *Id*. at p. 3. The officers denied his request and again directed him to approach to be cuffed. *Id*. Lattimore asked for medical staff and asked the officers to examine his arm. *Id*.

---

[2] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 10), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, the medical providers, and this Court.

In response, one officer sprayed Lattimore in the face with mace. (Doc. 1, p. 3). The officer then ran into the cell, wrestled Lattimore to the ground, and forced his arms behind his back. *Id*. Lattimore felt a pop and his arm went numb and hot. *Id*. Lattimore screamed about the pain in his arm, but the officers showed no sympathy. *Id*. They took him to the healthcare unit where a nurse washed his face, but the officers rushed him out of the unit before his arm could be examined. *Id*. He was charged with disobeying a direct order and placed in segregation. Although he requested medical care from officers, they would not help him. *Id*. He wrote numerous letters to the healthcare unit but never received care. *Id*.

Lattimore alleges that Wehrenberg and Ebers used excessive force against him with they sprayed him with mace, slammed him to the floor, and wrestled his arms behind his back. (Doc. 1, p. 4). An attached affidavit from Lattimore's cellmate, Angelo Bennett, attributes the use of force only to Ebers. *Id*. at p. 10-11. Disciplinary report records written by Ebers also indicate that he gave the orders to be handcuffed and ultimately sprayed Lattimore with pepper spray. *Id*. at p. 25, 32.

### PRELIMINARY DISMISSALS

Although Lattimore identifies Warden Anthony Wills as a defendant in the case caption, he fails to include any allegations against Wills in his statement of the claim. Lattimore merely alleges that Wills is legally responsible for the daily operations at Menard, but he cannot be liable for the acts of his employees because there is no *respondeat superior* (or supervisory) liability under Section 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). And there are no allegations suggesting that Wills was personally

involved in the use of force alleged in this case. Thus, any claim against Anthony Wills is **DISMISSED without prejudice**.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment excessive force claim against Wehrenberg and Ebers for their use of force against Lattimore.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

In an excessive force case, the core requirement "is that [the defendant] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.'" *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Lattimore alleges that officers used excessive force when they sprayed him in the face with mace, wrestled him to the ground, and pulled his arms behind his back, injuring his

---

[3] This includes any claim against the defendants in their official capacities. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Further, to the extent that Lattimore seeks a preliminary injunction, he has not filed a separate motion nor set out how he meets the standard for issuing an injunction. His request for a preliminary injunction is **DENIED**.

arm. He alleges that he was not aggressive or threatening at the time that the officers used force. Although Lattimore alleges in conclusory fashion that both Wehrenberg and Ebers used force, in his statement of claim he only attributes the use of force to one officer. (Doc. 1, p. 2-3). His attached exhibits indicate that the officer was Ebers. *Id.* at p. 10-11, 25, 32. Thus, Count 1 shall proceed against Lieutenant Ebers.

But Lattimore fails to allege that Wehrenberg was personally involved in the use of force. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). *See also Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (stating that "individual liability under [Section] 1983 requires 'personal involvement in the alleged constitutional deprivation'"). It is not clear what role Wehrenberg played in the use of force on November 7. Lattimore only alleges that "one of the tactical officers" used mace, wrestled him to the ground, and forced his arms behind his back. (Doc. 1, p. 2-3). Those actions he later attributes in his exhibits to Ebers. There are no allegations to put Wehrenberg on notice as to what role he allegedly played in the incident. A complaint must associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Lattimore fails to allege how Wehrenberg participated in the use of force, his claim against Wehrenberg is **DISMISSED without prejudice**.

### MOTIONS FOR COUNSEL

Lattimore recently filed a motion requesting counsel to help him with his claims. (Doc. 12). Lattimore indicates that no attorney has agreed to take his case, and he needs counsel because he cannot read, write, or spell. But given the early stages of the litigation

process, it is difficult to accurately evaluate the need for the assistance of counsel. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) (stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[4] There is nothing currently pending that would require counsel. Once Defendant has filed an Answer, the Court will enter a scheduling order explaining the next steps in the litigation process. If Lattimore continues to experience difficulties in litigating his case, he may resubmit another request for counsel. Currently, counsel is not needed, and his motion is **DENIED**.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Lieutenant Ebers. All claims against Wehrenberg and Anthony Wills are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Lieutenant S. Ebers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Lattimore. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Lattimore, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lattimore, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lattimore is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED: February 25, 2026.

*Digitally signed by Judge Sison*
*Date: 2026.02.25 12:35:09 -06'00'*

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**